UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RENAISSANCE MKE, LLC,**

**Plaintiff,**

**v.** **Case No. 25-CV-807-SCD**

**FIDELITY AND GUARANTY INSURANCE COMPANY,**

**Defendant.**

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

Renaissance MKE, LLC, seeks reconsideration of this court's order granting the motion to compel and for sanctions filed by Fidelity and Guaranty Insurance Company. Because Renaissance does not demonstrate any extraordinary circumstances warranting reconsideration, I will deny its motion.

This diversity action arises from a dispute between Fidelity and Guaranty Insurance Company and its policyholder, Renaissance MKE, LLC, concerning damage to Renaissance's event space in Milwaukee, Wisconsin. After Fidelity rejected Renaissance's demand for appraisal under its insurance policy, Renaissance sued Fidelity in state court for breach of contract, bad faith, statutory interest, and declaratory judgment seeking to compel appraisal. *See* Compl., ECF No. 1-1 at 4–11. In June 2025, Fidelity removed the action to federal court. *See* Notice of Removal, ECF No. 1. Renaissance subsequently moved for declaratory judgment, *see* Pl.'s Mot. Declarator J., ECF No. 21, and while that motion was still pending, Fidelity agreed to proceed to appraisal, *see* Pl.'s Letter, ECF No. 31. Nevertheless, I granted Renaissance's motion. *See* Decision & Order, ECF No. 32.

The appraisal procedure set forth in the insurance policy is clear and unambiguous:

> If we and you disagree on the value of the property or the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

Graff Aff. Ex. D, at 85, ECF No. 17-4. Renaissance selected Brian Hintze as its appraiser, and Fidelity chose Steven Schwed. *See* Schwed Decl. ¶¶ 3–4, ECF No. 36-1. Schwed proposed three potential umpire candidates. *Id.* ¶ 5. Hintze did not suggest any of his own candidates and said he'd entertain only one person from Schwed's list: John Ortenblad. *See id.* ¶¶ 5–6. After Hintze interviewed Ortenblad, the two appraisers agreed to appoint him as umpire, and Ortenblad accepted the assignment. *See id.* ¶¶ 6–7; *see also* Schwed Decl. Ex. D, ECF No. 36-5. Hintze and Schwed inspected the property in March 2026. Schwed Decl. ¶ 8. So far so good.

Following the inspection, the appraisal process went sideways. On March 26, 2026, Hintze told Schwed that Renaissance was unwilling to accept Ortenblad as the umpire. *See* Schwed Decl. ¶¶ 8–10 (citing Ex. E, ECF No. 36-6). Plaintiff's counsel later explained that his client objected to Ortenblad because (1) Hintze didn't consult Renaissance "before agreeing to John Ortenblad so the appraiser acted without authority"; and (2) "Schwed misrepresented the extent of his relationship with Mr. Ortenblad." Ponzi Decl. Ex. A, ECF No. 36-8.

On June 2, 2026, Fidelity moved to compel Renaissance to continue the appraisal process with Ortenblad as umpire. *See* Def.'s Mot., ECF No. 36. Fidelity also sought sanctions against Renaissance for unjustifiably interfering in the appraisal process. I granted Fidelity's

motion because Renaissance did not timely respond to it and because it was undisputed that the two appraisers had agreed on Ortenblad as the umpire. *See* Order, ECF No. 40. I ordered the parties to "continue the appraisal process with John Ortenblad as the umpire" and ordered the Renaissance to "pay the defendant's expenses, including attorney fees, incurred in moving to compel." *Id.* at 3. Fidelity promptly submitted its proof of expenses*, see* ECF No. 41, which Renaissance objects to, *see* ECF No. 42.

Renaissance has also moved for reconsideration under Rule 54 of the Federal Rules of Civil Procedure. *See* Pl.'s Mot. for Recons., ECF No. 44; Pl.'s Recons. Br., ECF No. 45.[1] Rule 54 provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "A motion for reconsideration under Rule 54(b) serves a very limited purpose in federal civil litigation; it should be used only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Knowlton v. City of Wauwatosa*, No. 20-CV-1660, 2022 WL 16534159, 2022 U.S. Dist. LEXIS 196399, at *2–3 (E.D. Wis. Oct. 28, 2022) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "While '[a] court has the power to revisit prior decisions of its own,' courts 'should be loathe to do so in the absence of extraordinary circumstances such as where

[1] Renaissance's motion actually seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure. However, that provision applies only to judgments, and no judgment has been entered in this case. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Moreover, Renaissance's brief relies on Rule 54(b), not Rule 59(e). *See* Pl.'s Recons. Br., at 4. And at any rate, motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Forester-Hoare v. Freeman*, No. 24-CV-557-JPS, 2025 WL 2877856, 2025 U.S. Dist. LEXIS 200086, at *2 (E.D. Wis. Oct. 9, 2025) (quoting *Ghashiyah v. Frank*, No. 05-CV-766, 2008 WL 680203, 2008 U.S. Dist. LEXIS 18378, at *10 (E.D. Wis. Mar. 10, 2008)).

the initial decision was clearly erroneous and would work a manifest injustice.'" *Id.* at *3 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

Renaissance does not present any newly discovered evidence in its motion for reconsideration. Nor does Renaissance argue that my order granting Fidelity's motion to compel and for sanctions was incorrect. Rather, Renaissance insists that "reconsideration is warranted because the Court's Order compels umpire involvement before the appraisal process has reached the contractual stage at which an umpire has any authority to act." Pl.'s Recons. Br., at 5.

Renaissance misunderstands (or worse, misrepresents) my prior order. Fidelity did not seek—and I did not order—any umpire *involvement* whatsoever. I simply compelled the parties to stick with their *selection* of Ortenblad as the umpire, should any dispute arise between the appraisers. That finding is dictated by the plain terms of the appraisal provision, which states that "[t]he two appraisers will select an umpire." Graff Aff. Ex. D, at 85. And it is undisputed that the two appraisers here agreed on Ortenblad. *See* Schwed Decl. Ex. D.

Renaissance's own motion proves that my order was not premature. The parties agree that the appraisal process involves five sequential steps: (1) if the parties disagree on the value of the property or amount of loss, either may demand appraisal; (2) each party selects an appraiser; (3) the two appraisers select an umpire; (4) the appraisers state separately the value of the property and amount of loss; and (5) only if the appraisers fail to agree do they submit their differences to the umpire. *See* Pl.'s Recons. Br., at 5; Def.'s Opp'n, at 6, ECF No. 46. In its motion for reconsideration, Renaissance acknowledges that my order "addresses the third step, whether the appraisers selected Mr. Ortenblad as umpire." Pl.'s Recons. Br., at 6. Renaissance then veers off course, arguing without any support that "Fidelity's motion sought

relief that jumps to the fifth step, compelling use of the umpire, without Fidelity completing the fourth step." *Id.* It didn't. The dispute arose at step three and needed to be resolved before proceeding to steps four and five.

Renaissance's misreading also dooms its bid to avoid sanctions. Renaissance insists that its position "was firmly grounded in the plain language of the policy and the existing appraisal record." Pl.'s Recons. Br., at 5. Hogwash. Renaissance's attempt to renege on the appraisers' selection of Ortenblad as umpire violated the plain terms of the insurance policy. Such a flagrant violation of the parties' agreement warrants sanctions.

Moreover, Renaissance has failed to show that the requested sanctions should be rejected or reduced. Fidelity has submitted documentation detailing $7,891.50 in expenses related to its motion to compel. *See* Ex. A, ECF No. 41-1. Renaissance criticizes Fidelity for not establishing a reasonable market rate for its lawyers' services. However, the fact that Fidelity paid all the fees that were billed—and stands poised to pay the remaining balance—is the best evidence that the fees are reasonable. *See Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1183 (7th Cir. 2020) ("'the best evidence of whether attorney's fees are reasonable is whether a party has paid them." (quoting *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008))). Renaissance further accuses Fidelity of seeking fees beyond the narrow scope of my order. Not so. Fidelity reasonably started researching and drafting its motion to compel shortly after Renaissance's appraiser objected to the agreed-upon umpire. *See* Def.'s Fee Reply, at 3, ECF No. 43. Surely those initial steps were part of the expenses "incurred in moving to compel." Renaissance also objects to specific entries as vague, overbroad, and duplicative. I have reviewed each objected-to entry and find it sufficiently specific and particularized to the work performed in researching and drafting a motion to compel; it does not appear that counsel

have run up their bill. Finally, Renaissance says that an award, if any, should be limited to a reasonable amount for a "straightforward" motion. I agree. But the fact that Fidelity's motion was straightforward only proves that Renaissance's position was not substantially justified. And the fees sought are reasonable.

Accordingly, for all the foregoing reasons, the court **DENIES** the plaintiff's motion for reconsideration, ECF No. 44. The plaintiff shall pay the defendant $7,891.50, which represents the time counsel actually and necessarily incurred in moving to compel. I decline to award additional sanctions at this time.

**SO ORDERED** this 25th day of September, 2026.

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge